[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Erin McDonald was indicted on four counts of felonious assault with gun specifications for shooting Anthony Fears and his mother, Linda Godwin. A jury found McDonald guilty of two counts of felonious assault with gun specifications for shooting Fears, and guilty of two counts of the lesser-included offense of aggravated assault with gun specifications for shooting Godwin. The court entered judgment on the jury's findings[1] and McDonald appeals from this judgment.
In her first two assignments of error, McDonald challenges the weight and sufficiency of the evidence to support the convictions. In her third assignment of error, McDonald challenges the court's denial of her Crim.R. 29(C) motion. We address these assignments together.
The relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency. See State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. To reverse a conviction for insufficient evidence, a reviewing court must find, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, superceded by state constitutional amendment on other grounds. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine if in resolving conflicts in the evidence the trier of fact clearly lost its way and created a manifest miscarriage of justice. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720. At trial, the weight to be given the evidence and the credibility of witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
McDonald admitted that she shot her neighbors Anthony Fears and Linda Godwin with a handgun on May 23, 1999. The victims suffered serious injuries. At trial, McDonald presented evidence that the shootings were justified under the affirmative defense of self-defense. She also presented evidence indicating that the victims provoked the shootings.
After reviewing the entire record, we find sufficient, credible evidence to support the convictions. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. In this case, the facts were in dispute as to whether McDonald's use of potentially deadly force was justified under the affirmative defense of self-defense and whether Fears and his mother provoked McDonald. Several witness for the state testified that the shootings were not justified and that there was no provocation. The question of credibility of conflicting testimony and the weight to be accorded certain evidence are matters left primarily to the trier of fact. DeHass, supra. We cannot say that in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Martin, supra. Finally, in light of the state's evidence, the court did not erred in denying McDonald's Crim.R. 29(C) motion to acquit. Accordingly, the first, second and third assignments of error are overruled.
In her fourth assignment of error, McDonald argues the court incorrectly instructed the jury with respect to her claim of self-defense. Alternatively, McDonald argues that trial counsel was ineffective in not objecting to the instruction on self-defense.
The court gave the jury the following instruction:
 The defendant must establish that the other party or parties was or were the aggressors, and that the defendant did not herself provoke or cause the injury.* * * (Emphasis added.)
 McDonald argues that this instruction is confusing, and the instruction essentially precludes the jury's consideration of her defense because she, of course, caused the injury.
We agree that this portion of the self-defense instruction is incorrect. The instruction should read "provoke and cause the injury." See State v. Thomas (1997), 77 Ohio St.3d 323, 329, 673 N.E.2d 1339,1344. However, McDonald did not object below to this part of the instruction and any error on appeal is waived unless we find plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332. We decline to do so. The erroneous instruction above was only one sentence out of three and a half pages of instruction on self-defense.[2] Taken as a whole, the jury instruction on self-defense informed the jury to consider McDonald's defense even though she caused the injuries.
McDonald also argues that the jury instructions did not sufficiently inform the jury that if she proved self-defense, they should return a verdict of not guilty. We disagree. The jury was instructed that if "the defendant has proven self-defense by a preponderance of the evidence, as to any one of those counts or more of those counts, your verdict must be not guilty of those counts as you so find in regard to the self-defense." Later, in response to an objection from defense counsel, the court clarified that the self-defense justification applies to both felonious assault and aggravated assault, and then said, "you won't get that far [to aggravated assault] if you found the felonious assault was committed in self-defense. You won't go on."
Finally, we reject McDonald's claim that she was denied the effective assistance of counsel. As discussed above, the erroneous "provoke or
cause the injury" language used in the self-defense instruction was harmless when read as part of the whole self-defense instruction. Defense counsel's failure to object did not prejudice the defense and deny McDonald a fair trial. See Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraphs two and three of the syllabus. The fourth assignment of error is overruled.
In her fifth assignment of error, McDonald argues that the trial court erred in giving the supplemental jury instruction for deadlocked juries approved by the Ohio Supreme Court in State v. Howard (1989),42 Ohio St.3d 18, 537 N.E.2d 188, cert. denied 493 U.S.
873, 110 S.Ct. 203, without sufficiently ascertaining that the jury was prospectively deadlocked. During the second day of deliberations, the jury sent a note to the court stating that "the jury is unable to reach a unanimous decision in the case of Erin McDonald." In response, the court read to the jury paragraph two of the syllabus of Howard verbatim without objection. We find no abuse of the court's discretion in giving theHoward instruction where the jury explicitly stated that it was unable to reach a unanimous verdict. State v. Maupin (1975), 42 Ohio St.2d 473,330 N.E.2d 708, paragraph four of the syllabus; State v. Ballew (Feb. 26, 1999), Hamilton App. No. C-980442, unreported. The fifth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The court dismissed one count of felonious assault and one count of aggravated assault.
[2] The record indicates that the court's written jury instructions taken back to the jury room included the correct "provoke and cause the injury" language.